IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEVIN BRANDIS PUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-cv-19-ECM |
| ) | [WO] |
| BULLOCK COUNTY, ALABAMA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

On June 23, 2025, the Magistrate Judge entered a Recommendation that this case be dismissed because Plaintiff Devin Brandis Pugh ("Pugh"), who is proceeding *pro se*, failed to comply with Court Orders. (Doc. 22). Before the Court is Pugh's motion to file amendment, which the Court construes as a motion to amend the complaint and also as objections to the Recommendation. (Doc. 23). Also pending before the Court are Pugh's motions to appoint counsel and for leave to appeal *in forma pauperis* (docs. 25, 26) and his motion "to appeal" and to "file objection" (doc. 27). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Pugh's objections, the Court concludes that Pugh's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted to the extent that it recommends dismissal for failure to comply with Court Orders, and this case is due to be dismissed without prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.").  Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

The Court first addresses Pugh's motions to appoint counsel.  The Court previously denied Pugh's request for appointment of counsel (doc. 12), and the Court discerns no reason to revisit that ruling.  It is well-settled that "[a] plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).  While the Court has broad discretion pursuant to § 1915(e)(1) to appoint counsel for an indigent plaintiff, the Court should do so "only in exceptional circumstances." *Id.*  Here, the issues presented are straightforward; thus, the Court finds no exceptional circumstances which would warrant the appointment of counsel in this case. *See id.*  Consequently, Pugh's motions to appoint counsel are due to be denied.

---

[1] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

Regarding Pugh's motions for leave to appeal *in forma pauperis*, the Court observes that to date, Pugh has not filed a notice of appeal in this action. Thus, these motions are due to be denied without prejudice and with leave to refile.

The Court has carefully reviewed the Magistrate Judge's Recommendation, Pugh's objections, his motion to amend, and the entire record. While Pugh requests leave to amend his complaint, he does not explain why he failed to comply with the Court's previous Order to file an amended complaint by June 10, 2025 (*see* doc. 18). Additionally, although the Court "should freely give leave [to amend] where justice so requires," FED. R. CIV. P. 15(a)(2), the Court may deny leave if amendment would be futile. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020). After carefully reviewing Pugh's motion to file amendment, which the Court construes as his proposed amended complaint, the Court has little trouble concluding that amendment would be futile because the pleading fails to comply with Rule 8 and fails to state a claim upon which relief can be granted. Therefore, the motion to amend is due to be denied.

Additionally, the Court finds that Pugh fails to raise any specific objection to the Magistrate Judge's Recommendation; therefore, the Court reviews the Recommendation only for clear error. *See LoConte*, 847 F.2d at 750; *Macort*, 208 F. App'x at 784. The Court discerns no error—let alone clear error—in the Recommendation. Consequently, Pugh's objections are due to be overruled, and the Court adopts the Recommendation as modified because Pugh failed to comply with Court Orders.

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1. Pugh's motion for leave to amend (doc. 23) is DENIED;

2. Pugh's objections (doc. 23) are OVERRULED;

3. The Recommendation of the Magistrate Judge (doc. 22) is ADOPTED as modified herein;

4. Pugh's motions to appoint counsel (docs. 25, 26) are DENIED;

5. Pugh's motions for leave to appeal *in forma paupers* (docs. 25, 26) are DENIED without prejudice and with leave to refile;

6. This case is DISMISSED without prejudice;

7. All other pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 20th day of October, 2025.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE